HEBERT *vs.* HUDSON AND LAMBETH.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

Where two estates are adjacent to each other, the one below owes to the other, a natural servitude, to receive the waters which run naturally from it. See *Martin* vs. *Jett*, 12 *Louisiana Reports*, 501.

If the owner of the lower estate, owing the servitude, makes a levee, or other obstruction to the natural flow of the water over his land from the upper one, the owner of the latter has his action to cause the obstructions to be removed.

This is an action in which the plaintiff seeks to have a certain levee or embankment, constructed by the defendants below him, removed, as obstructing the natural flow of the waters from his plantation situated above. He alleges that the defendants, whose plantations front on a coulée or bayou

Goula below him, in the parish of Iberville, have built a levee or embankment, and cut ditches, so as to obstruct the natural flow of the water from his plantation above, which has caused him great injury, by daming up the waters, and causing them to overflow his lands. He contends, that the lower plantations owe a servitude for the natural flow of the waters from his over their lands, and prays that the levee or embankment be removed, and the obstruction abated, with damages, etc.

The defendants pleaded a general denial, and set up various matters in defence. The cause was submitted to a jury, who ordered the embankment to be taken away; and from judgment confirming the verdict of the jury, the defendants appealed.

The case has been considered and decided as to the law applicable to it, on the principles settled in the case of *Martin* vs. *Jett*, 12 *Louisiana Reports*, 501.

*Edwards*, for the plaintiff.

*Labauve*, for the appellants.

*Bullard, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment which condemns them to remove a dam or levee, raised by them across a drain or *coulée*, by which the servitude due by their estate to that of the plaintiff, to receive the water which naturally flows from above, was obstructed; and the land of the latter was exposed to overflow. The case was tried in the first instance by a jury, who found for the plaintiff. It turns principally upon matters of fact, which are of the peculiar province of a jury of the vicinage; and a careful examination of the evidence has failed to satisfy us, that they came to an erroneous conclusion. The doctrine of the code in relation to this species of servitude, is simple and clear, and was considered by us in a recent case in the western district. *Martin* vs. *Jett*, 12 *Louisiana Reports*, 501. It does not appear to us, that the judgment in the present case militates against the interpretation then given to this part of the code.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.